# IN THE UNITED DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| CRAIG SHADE<br>32333-045<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>DEFENDANT, | CIVIL ACTION NO._____<br><br>JURY TRIAL DEMAND |

## COMPLAINT

Comes Now, Plaintiff, Craig Shade, by and through the undersigned attorneys and filed his Complaint against the above-named Defendant on the following grounds:

1. This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. On December 24, 2019, the Plaintiff had an injury to left lower extremity that resulted in a rupture of his Achilles tendon while playing basketball.

3. On December 16, 2021, the Plaintiff submitted a Federal Tort Claim to the U.S. Department of Justice Federal Bureau of Prison.

4. On March 23, 2022, the U.S. Department of Justice Federal Bureau of Prisons denied the Plaintiff's claim for medical negligence. (Exhibit "1" Denial of Federal Tort Claim")

5. Six months having elapsed, and all conditions precedent to the Federal Tort Claims Act having been met; the Plaintiff brings this cause of action.

6. That Plaintiff has exhausted all of his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, attached hereto as Exhibit "2".

7. Venue is proper within this District under 28 U.S.C. § 1402(b) as the acts

complained of occurred in the Western District of Tennessee, Memphis, Tennessee.

## PARTIES

8. That on December 24, 2019, the Plaintiff was an inmate at the Federal Correctional Institution, Memphis, Tennessee at such time he presented to the medical infirmary with his injury to left ankle diagnosed as an Achilles tendon injury

9. On December 28, 2019, Dr. J. Benitez, M.D. gave a verbal order to Nurse Samuel D. Lacey, R.N. to send the Plaintiff to a local hospital.

10. On January 13, 2020, Dr. J. Benitez, M.D. noted probable left Achilles injury (full-thickness tear. Dr. Benitez documented that the Plaintiff should have an urgent Orthopedic consult with an MRI.

11. On January 14, 2020, the Plaintiff was taken to the emergency room at Regional One where he received a plain x-ray and a splint and was ordered to see an Orthopedic in one (1) week.

12. The emergency room doctor at Regional One notes that the Plaintiff was sent to the emergency room for a boot with discharge instruction to see an Orthopedic within a week.

13. On February 4, 2020, the Plaintiff presented to Orthopedic Clinic to see Dr. Allison Whittle and she discussed with Plaintiff that delayed presentation may make conservative treatment more difficult but she would begin a plantarflexed splint and he was ordered to return to the Orthopedic clinic within four (4) weeks. Dr. Allison concurred with the resident that the Plaintiff has not really been treated appropriately for his Achilles tendon injury. The Plaintiff was given a 3D boot with 2 heel lifts with orders to return I 4 weeks and his heel lifts would be gradually removed.

14. On March 4, 2020, the Plaintiff had an MRI of his lover extremity with an

impression of a high-grad (grade 3) Achilles tendon tear with marked thickening and edema of the superior and inferior retracted tendons and hematoma at the site of tear. He had a bond contusion/fracture involving the anterior process f calcaneus. With ankle joint effusion and soft tissues edema predominantly posterior and lateral soft tissues of the ankle.

15. On 6/30/2020, the Plaintiff was given a handout for self-directed exercises to improve his range of motion.

16. On September 14, 2020, the Plaintiff presented to the prison injury with pain and numbness and swelling and walks with a limp. Dr. Naveed Gill said she would refer him to Orthopedic.

17. On October 13, 2020, the Plaintiff continued to have significant pain with Achilles tendon injury with sharp, level.

18. On 1/20/2022, Plaintiff returned to Regional One Health, and he was still having decreased strength on the left side and pain over his Achilles tendon. He was prescribed formal prescription for therapy again.

## CAUSE OF ACTION

19. That the Defendant, the United States of America, through its agents, servants and employees are guilty of one or more of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiff's injuries and pain and suffering and disfigurement:

a. Negligently and carelessly deviated from the standard of care required and expected by the Defendant in diagnosing and treating the Plaintiff's Achilles tendon injury in a timely and appropriate manner.

b.  Negligently and carelessly deviated from the standard of care in failing to timely and properly treating the Plaintiff's Achilles tendon injury.

20.  That Plaintiff, specifically alleges that the Defendant, the United States of America, through its agents, servants, and employees acting with the scope of their employment was negligent in the medical care and attention rendered to the Plaintiff in failing to recognize the injury to his Achilles tendon and in obtaining appropriate evaluation and treatment of his Achilles tendon injury in a timely manner and failing to refer him for appropriate treatment; and these omissions were a failure to exercise the degree of care, skill and diligence used by medical providers in this community and/or a similar community, under the same or similar circumstances presented to the Defendant and was the proximate cause of the Plaintiff's delay in healing, unnecessary pain and suffering and future pain and suffering.

## INJURIES AND DAMAGES

21.  The Plaintiff has a direct and proximate cause of the negligence, breach of duty and failed acts or omissions by the Defendant, the United States of America caused the Plaintiff to suffer serious physical injuries including, but not limited to:

a.  severe and physical damages to his Achilles tendon, resulting in extreme pain and suffering that required medical treatment.

b.  caused the Plaintiff to endure severe emotional distress and mental anguish.

c.  caused the Plaintiff to have a loss of normal enjoyment and pleasure of life; and

d.  caused permanent injuries.

**WHEREFORE,** Plaintiff, Craig Shade, prays that he be awarded compensatory damages in the amount of $350,000.00; for his severe and physical damages that resulted in extreme

distress and mental anguish; and for permanent injuries and future pain and suffering; for a jury trial and all other relief to which he may entitled.

                                 Respectfully submitted,

                                 By: **s/Sheila F. Campbell**
                                 Sheila F. Campbell TBN 40062
                                 campbl@sbcglobal.net
                                 Attorney for Plaintiff
                                 Sheila F. Campbell, P.A.
                                 2510 Percy Machin
                                 North Little Rock, AR  72114
                                 (501)  374-0700(telephone)
                                 (501)  372-5375(fax)